UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAKE ADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 C 4048 |
| | ) | |
| FEDERAL BUREAU OF | ) | Judge Gettleman |
| INVESTIGATION and UNITED STATES | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff Jake Adder and defendants United States Department of Justice and Federal Bureau of Investigation, by their attorneys, submit this joint initial status report:

**A.  Date and time of initial status report**

The case is set for an initial status conference on September 4, 2019, at 9:10 a.m.

**B.  The attorneys of record**

Matthew Topic is the attorney of record for plaintiffs. He will try this case.

Virginia Hancock, Assistant United States Attorney, is the attorney of record for defendants. She will try this case.

**C.  Basis of federal jurisdiction**

Federal jurisdiction is based on the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(6)(c)(i).

**D.  Whether a jury has been requested**

The FOIA does not create a right to a jury trial. The parties agree that any trial would be a bench trial.

**E.     Nature of the claims and any counterclaim**

Plaintiff brings this FOIA suit to compel the FBI to produce records relating to Jon Burge. There are no counterclaims.

**F.     Relief sought**

Plaintiff seeks an order requiring defendants to produce the requested records under the FOIA and attorney's fees and costs.

**G.     The name of any party who or which has not been served**

All parties have been served.

**H.     Principal legal issues**

The principal legal issues are likely to be whether the FBI's search for responsive records was adequate and whether the FBI wrongfully withheld any responsive records.

**I.     Principal factual issues**

The parties are working together to identify and resolve any factual disputes.

**J.     Anticipated motions**

The parties are working jointly to identify and resolve any disputed issues relating to the search and production of the requested records.  To the extent those issues cannot be resolved, the parties anticipate cross motions for summary judgment.  The parties jointly request a status after 30 days to advise the court of whether summary judgment motions will be necessary.

**K.     Proposed discovery plan**

Under the FOIA case law, discovery generally is not permitted if agency affidavits establish a reasonable search for records and the necessary bases for the asserted exemptions. Plaintiffs do not presently anticipate serving any discovery, and will not do so unless there is a basis under the FOIA case law and will first seek leave of court.

**L. Earliest date the parties would be ready for trial and the probable length of trial**

Because FOIA cases are generally resolved through cross motions for summary judgment, the parties propose that any pretrial dates be scheduled only if and when all such motions are denied. If a trial is needed, the parties anticipate a trial of two days.

**M. Status of any settlement discussions and whether a settlement conference would be appropriate**

The parties have not engaged in any formal settlement discussions but are actively working towards resolution of any disputed issues in this case. It would be premature to schedule a settlement conference at this time.

**N. Whether the parties will consent to trial before a magistrate judge**

The parties do not consent to proceed before a magistrate judge at this time.

Respectfully submitted,

| | |
|---|---|
| s/ Matthew V. Topic<br>MATTHEW V. TOPIC<br>Loevy & Loevy<br>311 N. Aberdeen, Third Floor<br>Chicago, Illinois 60607<br>(312) 243-5900<br>matt@loevy.com | JOHN R. LAUSCH, Jr.<br>United States Attorney<br><br>By: s/ Virginia O. Hancock<br>    VIRGINIA O. HANCOCK<br>    Assistant United States Attorney<br>    219 South Dearborn Street<br>    Chicago, Illinois 60604<br>    (312) 353-1998<br>    virginia.hancock@usdoj.gov |